

# NUMBERS 13-19-00134-CR AND 13-19-00135-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUSTIN JONES,                                                                          APPELLANT,

v.

THE STATE OF TEXAS,                                                                APPELLEE.

### On Appeal from the 214th District Court
### of Nueces County, Texas.

## ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Order Per Curiam**

Appellant, Justin Jones, has filed a notice of appeal with this Court from his conviction in trial court cause number 18FC-4767F and 18FC-2391F. The trial court's certifications of the defendant's right to appeal show that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On April 4, 2019, we ordered appellant's counsel, Chris Iles, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4.   No response to the Court's orders have been received. Therefore, we abate these appeals and remand these causes to the trial court for a hearing to determine why counsel has failed to comply with this Court's orders.   The trial court's findings and conclusions shall be included in a supplemental clerk's record.   The trial court shall file the supplemental clerk's record and reporter's record, if any, with the Clerk of this Court within thirty days of the date of this order.

If the trial court determines that counsel is unable to represent appellant in these matters, the trial court shall conduct a hearing to determine whether appellant desires to prosecute these appeals, whether appellant is indigent, and whether appellant is entitled to appointed counsel.   *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).   We further direct the trial court to issue findings of fact and conclusions of law regarding these issues.   Should the trial court find that appellant desires to pursue these appeals, is indigent, and is entitled to appointed counsel, the trial court shall appoint counsel.   If counsel is appointed, the name, address, email address, telephone number, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
16th day of May, 2019.